UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

BARBARA G. CARD                                             Case No. 12-39416-EPK

    Debtor.                                                 Chapter 13
_____/

### CREDITOR, STEPHEN LAX'S OBJECTION TO CONFIRMATION AND MOTION FOR RELIEF FROM STAY

Steven Lax, pursuant to Title 11, section 362, of the United States Code and Local Rule of Bankruptcy Procedure 4001-1, hereby requests that this Court modify the automatic stay, preserving the terms of the modification of the stay in any subsequently confirmed plan, and objects to the confirmation of the plan, and in support thereof, states as follows:

### JURISDICTION

1.    Jurisdiction of this Court to hear this matter is founded upon Title 28, sections 1334 and 157(a) of the United States Code. This is a core proceeding pursuant to section 157(b)(2)(G). Venue is appropriate in this Court pursuant to Title 28, section 1408, of the United States Code.

### GENERAL FACTUAL BACKGROUND

2.    This case was commenced by the filing of a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on December 7, 2012 (the "Petition Date") by the debtor, Barbara Card, (the "Debtor").

3.    Stephen A. Lax, as Personal Representative of the Estate of Louis Lax, (the "Secured Creditor" or the "Mortgagee") is the mortgagee and holder of the note secured by a mortgage recorded in the Official Records Book 23612 at page 0285 of the Public Records of Palm Beach County, Florida. A true and correct copy of the note and mortgage is attached hereto as Exhibit "A."

4.    The Debtor is the title owner of:

> **Legal Description: Condominium Parcel No. 480, Covered Bridge Condominium No. 19, a Condominium according to the Declaration of Condominium thereof, as recorded in Official Records Book 3189, Page 1564 and any amendments thereof; together with an undivided**

**interest in the common elements declared in said Declaration of Condominium to be appurtenance to the above described unit; said instruments being recorded and said land situate, lying and being in Palm Beach County, Florida.**

**Parcel Identification Number**: 00-42-44-21-05-019-4800

**Street Address**: 480 Holyoke Lane, Lake Worth, FL, 33467

## BACKGROUND

5. On February 24, 2010, as part of a seller-financed sale of real property, the Debtor executed a note and mortgage in favor of the Mortgagee.

6. Pursuant to the note, for two years, the Debtor would pay interest only, up to and including December 7, 2012, at which time a "balloon" payment in the amount of $34,267.75 would be due.

7. On December 7, 2012, the day the balloon payment was due, the Debtor filed the instant Chapter 13 Petition.

8. On December 26, 2012, the Debtor filed a Chapter 13 plan. [D.E. 14]. The plan seeks to de-value the real property (which is her primary residence) and decelerate the payments over five years.

9. At the § 341 meeting held on February 21, 2013, the Debtor admitted that she had allowed the property insurance to lapse, and was delinquent in the payment of real estate taxes. At the § 341 meeting, the Mortgagee objected to confirmation of the plan.

## RELIEF REQUESTED

A. Stay Relief Should be granted pursuant to § 362(d)(1) for lack of adequate protection

The Mortgagee requests this Court enter an order granting relief from the Automatic Stay, and allow the Mortgagee to proceed with his state-court action for in rem relief. Section 362(d)(1) provides that the court shall grant relief from stay "for cause, including the lack of adequate protection."

Here, there can be no doubt that such cause exists. The Debtor, by her own admission, has allowed the insurance on the Mortgagee's collateral to lapse, and remains delinquent in the payment of property taxes. The Debtor has not made the balloon payment under the note. Because the property is uninsured and delinquent in the payment of taxes, it

is the Mortgagee, not the Debtor, which bears the risk of loss. These actions severely jeopardize the value of the collateral and constitute cause and "lack of adequate protection" pursuant to the Bankruptcy Code.

As such, the Mortgagee asks this court modify the automatic stay, and allow the Mortgagee to pursue in rem relief. Moreover, since, consistent with Local Rule 3015-3(B)(1)(a), the Mortgagee properly raised his objection to confirmation at § 341 meeting, the Mortgagee requests that terms of the modification of the stay be preserved in any subsequently confirmed plan. *See In re Sullivan*, 321 B.R. 306 (Bankr.M.D.Fla.2005). Thus the Mortgagee requests that he not be bound by any subsequent confirmation order. *Id*. at 308.

B.  <u>The plan should not be confirmed</u>

In the alternative, consistent with the objection raised at the § 341 meeting, the Mortgagee would object to the confirmation of the plan on substantially the same grounds as his justification for stay relief. The plan, as currently filed, will not cure the arrearages in property taxes, nor will the Debtor obtain sufficient insurance to protect the value of the collateral.

Additionally, no Motion to Value and Determine Secured Status of Lien on Real Property has been filed with respect to the property, and, pursuant to Local Rule 3015-3, the plan, which seeks to value the real property, cannot be confirmed prior to the filing and granting of the same.

Lastly, confirmation of the plan is unsupported by the Bankruptcy Code. Pursuant to 11 U.S.C. § 1322(b)(2), the plan may not modify "a claim secured only by a security interest in real property that is the debtor's principal residence." Moreover, § 1322(c)(2)'s exception to the principal residence rule is inapplicable to the instant case. *See In re Lobue*, 189 B.R. 216 (Bankr.S.D.Fla.1995).

In *Lobue,* Judge Cristol wrote that:

> The Court is very concerned about the potential for abuse and misuse of Section 1322(c)(2) and the possible resulting unfair burden on lenders. Had the lender in this case been an individual who relied upon timely receipt of the balloon payment, it would have been grossly unfair to allow the Debtor to force the lender to make what amounts to a new loan that the lender never intended to make and which the lender possibly could not afford to make. Likewise, had the original loan been for a period of one year with a sizable balloon at the end of that year, by employing Section 1322(c)(2), a debtor could conceivably force the lender to make a loan it would never have made oth-

erwise. In such a situation, the Court might consider it grossly unfair to blindly apply Section 1322(c)(2).

*Id.* at 219.

This case is exactly on point with the court's fears in Lobue. The Mortgagee is an individual lender; the original term of the loan was only two years, in stark contrast to the additional five years provided under the plan; and the Debtor is forcing the lender, the personal representative of an estate, to make a loan he would never have otherwise made (and keep the probate open). As such, it would be "grossly unfair" to apply Section 1322(c)(2).

WHEREFORE, the Mortgagee requests the Court deny confirmation of the plan, enter an order modifying the automatic stay, preserving the terms of the modification of the stay in any subsequently confirmed plan and providing such other and further relief as this Court deems just and appropriate.

    Respectfully submitted,

**MARSHALL GRANT, P.L.**
Attorneys for Creditor, Stephen A. Lax
197 South Federal Highway, Suite 300
Boca Raton, Florida  33432
Telephone No. 561.672.7580
Facsimile No. 561.672.7581
Email:  lpecan@marshallgrant.com

By:  /s/ Lawrence E. Pecan
    JOE M. GRANT
    Florida Bar No. 137758
    LAWRENCE E. PECAN
    Florida Bar No. 99086

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 25th day of February, 2013, I electronically filed this document with the Clerk of Court using CM/ECF. I also certify that the document and its attachments are being served this day on all counsel of record or pro se parties by CM/ECF for those counsel or parties who are authorized to receive electronically Notices of Filing.

By: /s/ Lawrence E. Pecan
Lawrence E. Pecan

**12-39416-EPK Notice will be electronically mailed to:**

Daniel R. Brinley on behalf of Debtor Barbara Card
drb@fcohenlaw.com, brinleylawecf@gmail.com

Joe M. Grant on behalf of Creditor Stephen Lax
jgrant@marshallgrant.com, efile@marshallgrant.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Lawrence E Pecan on behalf of Creditor Stephen Lax
lpecan@marshallgrant.com, efile@marshallgrant.com

Robin R Weiner
ecf@ch13weiner.com;ecf2@ch13weiner.com